IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOSPIRA, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRESENIUS KABI USA, LLC <br><br> Defendant. | C.A. No. 1:16-cv-00651 <br><br> Honorable Rebecca Pallmeyer |

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF LOCAL RULE 40.4
MOTION FOR REASSIGNMENT OF RELATED CASE**

Plaintiff Hospira, Inc. and Defendant Fresenius Kabi USA, LLC (collectively, "the Parties"), jointly request that the Court, pursuant to Local Rule 40.4, grant their request to reassign to this Court the case captioned *Hospira, Inc. v. Fresenius Kabi USA, LLC*, No. 17-cv-7903, ("*Hospira II*"), currently pending before Judge Thomas M. Durkin. In support of this Motion, the Parties state as follows:

Reassigning *Hospira II* to this Court is appropriate because the instant case, *Hospira, Inc. v. Fresenius Kabi USA, LLC*, No. 1:16-cv-00651 ("*Hospira I*"), and *Hospira II* meet the conditions for reassignment in Local Rule 40.4(b).

*Hospira I* and *Hospira II* both involve Hospira's allegations that Fresenius Kabi's submission of ANDA No. 208129 for a generic version of Hospira's Precedex Premix product constitutes infringement of certain of Hospira's patents listed in the Orange Book under NDA No. 21-038. The patents identified in *Hospira II* are part of the same family and share the same specification and certain claim limitations as the patents asserted in *Hospira I*.

Aside from asserting similar patents, the overall legal questions in *Hospira I* and *Hospira II* are identical: whether Fresenius Kabi infringed the asserted patents listed in the Orange Book, and whether those patents are invalid. Therefore, matters such as discovery and claim construction very likely overlap. Substantial judicial time and resources will be saved if this Court hears both cases.

**I.     BACKGROUND**

    **A.     The *Hospira I* Case**

On January 15, 2016, Hospira filed a complaint accusing Fresenius Kabi of infringing U.S. Patent Nos. 8,242,158 (the "'158 patent"); 8,338,470 (the "'470 patent"); 8,455,527 (the "'527 patent"); and 8,648,106 (the "'106 patent") (collectively, "*Hospira I* Patents"). The '158, '470, and '106 patents each claim ready to use liquid pharmaceutical compositions of dexmedetomidine, and the '527 patent claims a method of administering a ready to use liquid pharmaceutical composition of dexmedetomidine. The *Hospira I* patents all trace their lineage back to U.S. Patent Application No. 13/343,672, and the specifications for all four patents are essentially the same. The *Hospira I* patents are listed in the Orange Book under NDA No. 21-038 covering Hospira's Precedex products.

In its complaint, Hospira alleged that Fresenius Kabi committed an act of infringement under 35 U.S.C. § 271(a)-(c), (e)(2) by filing ANDA No. 208129 with the FDA to market a generic version of Hospira's ready to use Precedex Premix product prior to the expiration of the *Hospira I* patents. On January 19, 2016, Fresenius Kabi filed counterclaims asserting that the *Hospira I* patents were invalid.

    **B.     The *Hospira II* Case**

On November 1, 2017, Hospira filed another complaint related to Fresenius Kabi's filing of ANDA No. 208129 for a generic version of Precedex Premix based on a newly issued patent.

*See* Exhibit 1. In this complaint, Hospira alleges infringement under 35 U.S.C. § 271(a)-(c), (e)(2) of the newly-issued U.S. Patent No. 9,616,049 ("the '049 patent"). Like the patents in *Hospira I*, the '049 patent claims ready to use liquid pharmaceutical compositions of dexmedetomidine. The '049 patent is likewise a continuation of Patent Application No. 13/343,672, and has essentially the same specification as the *Hospira I* patents. The '049 patent is also listed in the Orange Book under NDA No. 21-038 covering Hospira's Precedex products.

On December 1, 2017, Fresenius Kabi filed its answer and counterclaims asserting that the '049 patent and U.S. Patent No. 9,320,712 ("the '712 patent") were invalid and not infringed. *See* Exhibit 2. The '712 patent is also listed in the Orange Book for NDA No. 21-038, and is part of the same patent family as the '049 patent and the *Hospira I* patents. The '712 patent also shares the same specification and certain claim limitations as the other asserted patents. To date, Hospira has not asserted infringement of the '712 patent against Fresenius Kabi.

**II.     ARGUMENT**

      **A.     *Hospira I* and *Hospira II* Are Related Under Local Rule 40.4(a)**

Local Rule 40.4 provides for the filing of a "motion for reassignment" in order to place related cases before one judge. *Taylor-Holmes v. Office of Cook Cnty. Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007). Local Rule 40.4(a) provides that two or more civil cases may be "related" if one of the following conditions is met:

1. the cases involve the same property;
2. the cases involve some of the same issues of fact or law;
3. the cases grow out of the same transaction or occurrence; or
4. in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40.4(a). Any one of these grounds is sufficient. *See Global Patent Holdings, LLC v. Green Bay Packers*, No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008).

3

*Hospira I* and *Hospira II* meet numerous of these grounds. The two cases involve identical parties and accused product. The issues of fact and law substantially overlap. In both cases, Hospira alleges that Fresenius Kabi's filing of ANDA No. 208129 constitutes infringement of patents listed in the Orange Book under Hospira's NDA No. 21-038 covering Precedex Premix products, and Fresenius Kabi alleges that those patents are invalid. The patents in both cases are in the same family and share nearly the same specifications.

B.  **The Conditions For Reassignment Under Local Rule 40.4(b) Are Satisfied**

In addition to establishing that the two cases are related, Local Rule 40.4 requires that each of the following conditions be met before a related case may be reassigned:

1. both cases are pending in this Court;

2. the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

3. the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

4. the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b).

First, both cases are pending in the Northern District of Illinois, Eastern Division. Second, the handling of both cases before this Court will result in a substantial saving of judicial time and effort. The Parties have conducted substantial discovery in *Hospira I*, and this Court has already issued its claim construction opinion in that case. (D.I. 69.) Because the patent in *Hospira II* contains many claim terms that overlap with the patents in *Hospira I*, reassignment to this Court will avoid duplication of discovery and discovery related issues, and will at least minimize the scope of any potential additional claim construction proceedings. Furthermore, this Court is already familiar with the products and technology at issue. Reassignment will not result

4

in substantial delay of the proceedings in *Hospira I*, because issues related to discovery and claim construction are similar in both cases. The Parties agree that the claim construction Order entered in *Hospira I*, applies to the identical terms found in the patents of *Hospira II*. Finally, *Hospira I* and *Hospira II* are susceptible to disposition in a single proceeding for all of the reasons described herein. The Parties are coordinating a plan for limited discovery to address any additional issues raised by the *Hospira II* patents.

### III. CONCLUSION

For the foregoing reasons, the Parties jointly request that this Court enter an Order pursuant to Local Rule 40.4 reassigning the *Hospira II* case from Judge Durkin to this Court.

Dated: December 4, 2017

Respectfully submitted,

| | |
|---|---|
| /s/ Sara T. Horton | /s/ Joel M. Wallace |
| Bradford P. Lyerla | Imron T. Aly |
| Sara T. Horton | Joel M. Wallace |
| Yusuf Esat | Emily Peña |
| Chad J. Ray | Tara Kurtis |
| JENNER & BLOCK LLP | SCHIFF HARDIN LLP |
| 343 N. Clark Street | 233 South Wacker Drive, Suite 6600 |
| Chicago, IL 60654-3456 | Chicago, Illinois 60606 |
| (312) 222-9350 | (312) 258-5500 |
| blyerla@jenner.com | ialy@schiffhardin.com |
| shorton@jenner.com | jwallace@schiffhardin.com |
| yesat@jenner.com | epena@schiffhardin.com |
| cray@jenner.com | tkurtis@schiffhardin.com |
| *Attorneys for Plaintiff Hospira, Inc.* | Ahmed M.T, Riaz (*pro hac vice*) |
| | SCHIFF HARDIN LLP |
| | 666 Fifth Avenue, 17th Floor |
| | New York, NY 10103 |
| | (212) 753-5000 |
| | ariaz@schiffhardin.com |

*Attorneys for Defendant/Counterclaimant*
*Fresenius Kabi USA, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2017, I electronically filed the foregoing **JOINT MOTION AND MEMORANDUM IN SUPPORT OF LOCAL RULE 40.4 MOTION FOR REASSIGNMENT OF RELATED CASE** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

Date: December 4, 2017          /s/     Joel M. Wallace